IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOSHA SIMS LEE, individually and in her capacity as the representative of the ESTATE OF ROSIE SIMS, et al., | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Civil Action No. 3:07-CV-1298-D |
| LUPE VALDEZ, in her official capacity as Sheriff of Dallas County, et al., | § § § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs' motion to exclude the testimony of defendants' experts presents questions concerning defendants' compliance with their obligations under Fed. R. Civ. P. 26(a)(2), and whether excluding the experts' testimony is necessary to avoid prejudice. For the reasons that follow, the court denies the motion, and it grants plaintiffs' alternative request to require defendants to disclose a written report for each expert. The court extends the discovery deadline so that plaintiffs will have adequate time to depose these witnesses.

I

The relevant background facts and procedural history of this case are set out in a prior opinion and need not be repeated at length. *See Lee v. Valdez,* 2008 WL 4130975, at *1-*2 (N.D. Tex. Aug. 29, 2008) (Fitzwater, C.J.) ("*Lee I*"). For purposes of

deciding the present motion, it is pertinent that the court entered a scheduling order that established May 1, 2008 as the deadline for a party with the burden of proof on a claim or defense to designate expert witnesses and otherwise comply with Rule 26(a)(2). On May 1, 2008 defendants designated two physicians, Walter Skinner, M.D. ("Dr. Skinner") and Steven P. Bowers, M.D. (" Dr. Bowers"), to provide expert testimony about the "medical condition and treatment of the plaintiffs' decedent, Rosie Sims [("Sims")], during her confinement in the Dallas County Jail and at all times relevant to this suit." Ps. Br. Ex. 1.[1] Defendants designated the Dallas County Medical Examiner, Jeffrey J. Barnard, M.D., or his designee ("Dr. Barnard"), to provide expert testimony "about the cause and manner of death of [Sims]." *Id.* Plaintiffs contend that, although defendants timely designated Drs. Skinner, Bowers, and Barnard, they did not disclose expert reports for these witnesses, as required under Rule 26(a)(2).

In June 2008 plaintiffs requested that defendants comply with

---

[1] The court is citing the evidence in this manner because plaintiffs did not comply with N.D. Tex. Civ. R. 7.1(i)(4) and 7.2(e) in briefing their motion. Rule 7.1(i)(4) provides, in part, that "[e]ach page of the appendix must be numbered legibly in the lower, right-hand corner." Rule 7.2(e) states that "[i]f a party's motion or response is accompanied by an appendix, the party's brief must include citations to each page of the appendix that supports each assertion that the party makes concerning any documentary or non-documentary evidence on which the party relies to support or oppose the motion." Plaintiffs did not paginate their appendix, and they did not cite the appendix in the manner required by Rule 7.2(e).

the report requirement of Rule 26(a)(2). Defendants declined to produce the reports, contending that because "[n]one of the experts designated by the Dallas County Defendants are either retained or employed by them to regularly give expert testimony," no reports were required. Ps. Br. Ex. 3.

Plaintiffs move on the following four grounds to exclude the testimony of Drs. Skinner, Bowers, and Barnard: (1) defendants have failed to show their experts are qualified; (2) defendants have failed to show that the expert testimony will be reliable; (3) defendants failed to comply with the disclosure requirements of Rule 26(a) by refusing to provide written expert reports; and (4) alternatively, if the experts are fact witnesses, the court should strike their designation as experts and exclude any expert testimony presented through them at trial. Defendants oppose the motion, contending that no written reports are required under Rule 26(a)(2)(B) because "[n]one of these witnesses were retained or specially employed to provide expert testimony in this case nor do their duties as an employee of Dallas County require them to regularly give expert testimony in cases of this nature." Ds. Resp. 4. Defendants do not address any of the other grounds on which plaintiffs rely.

II

The core of the parties' dispute is whether Rule 26(a)(2)(B) requires defendants to disclose written expert reports from Drs. Skinner, Bowers, and Barnard. Rule 26(a)(2)(B) provides that witnesses who are "retained or specially employed to provide expert testimony in the case or . . . whose duties as the party's employee regularly involve giving expert testimony" are required to prepare and sign a written report, "[u]nless otherwise stipulated or ordered by the court." If parties who designate an expert do not disclose a report under Rule 26(a)(2)(B), they bear the burden of demonstrating that their designated expert is not one "retained or specially employed to provide expert testimony in the case," and not one "whose duties as an employee of the party regularly involve giving expert testimony." *Cinergy Commc'ns Co. v. SBC Commc'ns, Inc.*, 2006 WL 3192544, at *3 (D. Kan. Nov. 2, 2006). "The party designating the expert should bear the burden because it is more likely to possess the information necessary to establish the status of the witness." *Id.* Therefore, defendants must establish that Drs. Skinner, Bowers, and Barnard fall outside the category of expert witnesses for whom defendants must disclose expert reports under Rule 26(a)(2)(B).

III

A

Defendants maintain that Drs. Skinner, Bowers, and Barnard were not retained or specially employed to provide expert testimony, and that their duties as Dallas County employees do not require that they regularly give expert testimony. Defendants offer no evidence, however, to support these assertions.

Defendants appear to assume that, because Drs. Skinner, Bowers, and Barnard are Dallas County employees, defendants need not disclose expert reports for them. The court disagrees. Defendants' position requires that the text of Rule 26(a) be interpreted in a way that conflicts with its "evident purpose of promoting full pre-trial disclosure of expert information." *Day v. Consol. Rail Corp.*, 1996 WL 257654, at *2 (S.D.N.Y. May 15, 1996). "[A]llowing a blanket exception for all employee expert testimony would 'create a category of expert trial witness for whom no written disclosure is required' and should not be permitted." *Prieto v. Malgor,* 361 F.3d 1313, 1318 (11th Cir. 2004) (per curiam) (quoting *Day*, 1996 WL 257654, at *2); *see also id.* at 1318-19 (construing defendant county's employee to have functioned exactly as retained expert and requiring him to provide expert witness report). Although Rule 26(a)(2)(B) excludes some employees from the report requirement, the exception is limited to "experts who are testifying as fact witnesses, although they may also express

some expert opinions." *Id.* at 1318. Experts "called solely or principally to offer expert testimony"—regardless whether they are employees—must provide a written report. *Day,* 1996 WL 257654, at *3 (holding that employee expert called principally to offer expert testimony "may fairly be viewed as having been 'retained' or 'specially employed' for that purpose"). Consequently, defendants have failed to establish that their employee experts have not been retained or specially employed to give expert testimony.

Moreover, despite some evidence[2] to the contrary, defendants merely assert that Drs. Skinner, Bowers, and Barnard do not regularly give expert testimony as a part of their duties as Dallas County employees. The court therefore concludes that defendants have not met their burden of establishing that the designated experts do not regularly give expert testimony as a part of their employment.

B

Having determined that defendants have not shown the inapplicability of Rule 26(a)(2)(B) by referencing the employee status of the experts, or by simply asserting that the experts do not regularly give expert testimony, the court now considers

---

[2]In their reply, plaintiffs contend that Dr. Bowers was designated as an expert in five cases, that he testified to having appeared at trial as an expert for the County six to seven times during his employment, and that he submitted written sworn testimony on the County's behalf fifteen to twenty times. Plaintiffs contend that Dallas County designated Dr. Skinner as an expert at least twice.

whether defendants have established that the experts fall within the treating-physician exception to the written report requirement.

A treating physician is the prototypical expert who can be deposed or called to testify at trial without disclosing an expert report. *See* Rule 26(a)(2) Advisory Committee's note to the 1993 amendments (citing treating physician as example of expert who falls outside Rule 26(a)(2)(B)'s requirements); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004) (quoting Rule Advisory Committee's notes to 1993 amendments to Rule 26(a)(2)). Courts have interpreted the treating-physician exception in light of Rule 26(a)(2)(B)'s text, *see, e.g., Fielden v. CSX Transportation, Inc.*, 482 F.3d 866, 869 (6th Cir. 2007) ("Rule 26(a)(2)(B) by its terms provides that a party needs to file an expert report from a treating physician only if that physician was 'retained or specially employed to provide expert testimony.'"), and the policy[3] underlying the report requirement, *see, e.g., id.* at 870 ("The biggest concern with permitting treating physicians to testify in all circumstances without providing expert reports is that this would permit circumvention of the policies underlying the expert report requirement.").

---

[3]The expert report requirement has two main purposes: (1) the elimination of unfair surprise to the opposing party, and (2) the conservation of resources. *See Reed v. Binder*, 165 F.R.D. 424, 429 (D. N.J. 1996); Rule 26(a)(2) Advisory Committee's note to the 1993 amendments (anticipating that expert reports will reduce length of expert's deposition and may even eliminate need for deposition).

Although the Fifth Circuit has not specifically identified the circumstances under which a treating physician would be required to disclose a written report, district courts in this circuit have generally concluded that the treating-physician exception applies only to opinion testimony based on the physician's personal knowledge of the examination and treatment of the party. If the opinion testimony is based on information learned outside the course of treatment, a written report is required. *See, e.g., Martin v. Geico Gen. Ins. Co.*, 2002 WL 34370891, at *1 (N.D. Tex. Apr. 15, 2002) (Boyle, J.) (order) (where proffered expert testimony extended beyond scope of doctors' "personal knowledge as treating physicians," doctors must fully comply with Rule 26(a)(2)); *Lowery v. Spa Crafters, Inc.*, 2004 WL 1824380, at *2 (W.D. Tex. Aug. 16, 2004) (the treating-physician exception is "limited to facts and circumstances developed during the care of the patient"); *Boudreaux v. J.P. Morgan Chase & Co.*, 2007 WL 4162908, at *2 (E.D. La. Nov. 21, 2007) (holding that written report was not required for "treating physician whose testimony and opinions derive from information learned during actual treatment of the patient"); *Duke v. Lowe's Homes Ctrs., Inc.*, 2007 WL 3094894, at *1 (N.D. Miss. Oct. 19, 2007) (concluding that without expert report, treating physician's testimony was "limited to those facts and opinions contained in [the] medical records").

Other circuit courts have reached the same conclusion, holding

that the treating-physician exception extends only to opinions based on personal knowledge acquired during the course of treatment. *See Prieto*, 361 F.3d at 1318-19 (holding that expert report was required where witness "functioned" like expert by providing technical evaluation based on his preparation for trial, not on his personal knowledge); *Mohney v. USA Hockey, Inc.*, 138 Fed. Appx. 804, 811 (6th Cir. 2005) (affirming district court's exclusion of expert testimony for failure to submit written report where doctor in part opined on basis of viewing video and there was no evidence that he had reached the same conclusions at time of treatment).

Even the cases that defendants cite support the proposition that the treating-physician exception is confined to opinions acquired through treatment of a patient. *See Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 501 (D. Md. 1997) ("To the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient . . . no Rule 26(a)(2)(B) statement should be required."); *Salas v. United States,* 165 F.R.D. 31, 33 (W.D.N.Y. 1995) (holding that if treating physicians acquired their opinions "directly through their treatment" of the relevant party, then no written report is required); *Gray v. Vastar Offshore, Inc.*, 2005 WL 399396, at *1 (E.D. La. Feb. 14, 2005) ("[W]ritten reports are not required for treating physicians whose testimony and opinions

derive from information learned during actual treatment of the patient, rather than from subsequent evaluation as a specially retained expert.").

Where a physician's opinion testimony is based on his personal knowledge of the party's treatment, the reasons for requiring an expert report are presumed to be "far less compelling," and imposing the report requirement is thought to "unfairly burden a non-party who is appearing principally because [he] has witnessed certain events relevant to the lawsuit." *See KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 689 (M.D. Ala. 2000).[4] The court agrees with the courts that hold that the treating-physician exception applies only to opinion testimony based on a physician's personal knowledge acquired during treatment. If the testimony extends beyond this, a written report is required.

Accordingly, the question with respect to Drs. Skinner and Bowers is whether their opinions about Sims's medical condition and treatment are based on personal knowledge acquired during their treatment of Sims. The question with respect to Dr. Barnard is likewise whether his opinions about the cause and manner of Sims's death are based on personal knowledge acquired during his treatment of her.

---

[4]Rulemakers "seemed concerned about the resources that might be diverted from patient care if treating physicians were required to issue expert reports as a precondition to testifying." *Boudreaux,* 2007 WL 4162908, at *3.

C

The medical records indicate that neither Dr. Skinner nor Dr. Bowers ever treated Sims. *See* Ps. Reply Ex. 2 and 3. In fact, defendants do not contend that either physician personally treated her. They only maintain that Drs. Skinner and Bowers were "Directors of Inmate Medical Services" and "*supervisory* treating physicians of [Sims]." Ds. Resp. 2 and 4 (emphasis added). Because Drs. Skinner's and Bowers' opinions as to Sims's medical condition and treatment are not based on their personal knowledge of her treatment, they do not fall within the treating-physician exception. *See Lowery,* 2004 WL 1824380, at *2 (holding that expert report was required from doctor who only supervised plaintiff's immediate caregivers and whose opinions were based on reexamination of plaintiff at request of plaintiff's counsel).

Dr. Barnard is the Dallas County Medical Examiner. Defendants maintain that he "was responsible for performing the autopsy of [Sims]." Ds. Resp. 2. Dr. Barnard clearly is not a "treating physician," nor is he akin to one. The treating-physician exception is addressed to experts who are testifying as fact witnesses; although they may also express some expert opinions, they are not being called solely or principally to offer expert testimony. *See KW Plastics*, 199 F.R.D. at 689. A medical examiner like Dr. Barnard, however, *is* being called principally to offer expert testimony. Unless he provides a technical evaluation of the

facts based on his specialized knowledge, his observations of the autopsy[5] of Sims—who is believed to have died of bronchopneumonia in association with cardiac hypertrophy of undetermined etiology—are helpful neither to the trier of fact nor to defendants. *See* Fed. R. Evid. 701 and 702.

Because the treating-physician exception does not apply to Drs. Skinner, Bowers, and Barnard, and because defendants have not established that these witnesses fall outside the scope of the written report requirement of Rule 26(a)(2)(B), the requirement applies.

IV

Having decided that defendants failed to comply with Rule 26(a)(2) by disclosing written reports from Drs. Skinner, Bowers, and Barnard, the court must now determine the appropriate remedy.

A

Rule 37(c)(1) provides, in part:

> If a party fails to provide information . . . as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"In evaluating whether a violation of Rule 26 is harmless, the

---

[5]It is unclear whether Dr. Barnard actually observed or performed the autopsy. Defendants only state that he "was responsible for performing the autopsy." Ds. Resp. 4. Dr. Barnard may have no personal knowledge of the autopsy, in which case he would be even less akin to the exempted treating physician.

court examines four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Librado v. M.S. Carriers, Inc.*, 2004 WL 1490304, at *11 (N.D. Tex. June 30, 2004) (Fitzwater, J.).

B

1

The evidence is important. Drs. Skinner and Bowers are the only experts whom defendants have designated to testify about the medical condition and treatment of Sims during her confinement in the Dallas County Jail. These issues are relevant to determining whether defendants violated Sims's constitutional and statutory rights. Dr. Barnard is the only expert designated to testify about the cause and manner of Sims's death. These issues are relevant in determining whether defendants violated Sims's rights and whether the violation caused her death.

2

Permitting Drs. Skinner, Bowers, and Barnard to testify without having disclosed written reports would prejudice plaintiffs. Although defendants received a written report from plaintiffs and are aware of the qualifications, opinions, and opinion bases of plaintiffs' expert, plaintiffs know almost nothing about the opinions of defendants' experts. To prepare for trial,

plaintiffs must therefore take potentially expensive depositions of three experts, without any prior understanding of their precise qualifications, or the bases or content of their opinions.[6]

3

The prejudice that plaintiffs will likely suffer from defendants' failure to disclose expert reports can largely be cured by requiring defendants to disclose expert reports and continuing the discovery deadline to allow plaintiffs sufficient time to depose the witnesses. This case is not set for trial until the two-week docket of March 2, 2009, and it is possible that the October 1, 2008 discovery deadline will need to be continued for other reasons. *See Lee I,* 2008 WL 4130975, at *6 (noting that court may continue discovery deadline if Dallas County can demonstrate additional discovery is needed to defend claim for money damages under § 1983).

4

Defendants failed to disclose expert reports from Drs. Skinner, Bowers, and Barnard because they mistakenly concluded that no reports were required under Rule 26(a)(2)(B).

5

Considering the four factors, the court holds in its discretion that the expert testimony of Drs. Skinner, Bowers, and

---

[6]Moreover, considering that the discovery deadline is October 1, 2008, plaintiffs would have to take these depositions on short notice.

Barnard should not be excluded due to defendants' failure to comply with the written report requirement of Rule 26(a)(2)(B). "[T]he exclusion of evidence is a harsh penalty" and "should be used sparingly." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). Because the evidence is important and because a less severe remedy will largely cure any prejudice that plaintiffs are likely to suffer from defendants' noncompliance, the court declines to exclude the testimony, and it orders defendants to disclose to plaintiffs expert reports of Drs. Skinner, Bowers, and Barnard.

To allow plaintiffs adequate time to depose these witnesses, the court will extend the discovery deadline to January 5, 2009. The court notes, however, that a continuance is not always appropriate. "Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." *Hamburger*, 361 F.3d at 884. Nonetheless, given the importance of the evidence, the fact that this case is not set for trial until the two-week docket of March 2, 2009, and the possibility that the discovery deadline will be continued for other reasons, the court holds that an extension of the discovery deadline is the preferred approach here.

V

Because the court is ordering defendants to disclose the expert reports of Drs. Skinner, Bowers, and Barnard, it denies without prejudice their motion to exclude defendants' expert

testimony on the additional grounds that they have failed to show that their experts are qualified and/or that the testimony will be reliable. The court also denies without prejudice plaintiffs' motion to strike the designation of Drs. Skinner, Bowers, and Barnard as experts and to exclude any expert testimony from them at trial. After the expert reports are disclosed, if plaintiffs have sufficient reasons to move for relief on these grounds, they may do so.

\* \* \*

The court denies plaintiffs' June 27, 2008 motion to exclude defendants' experts. The court grants plaintiffs' alternative request to require defendants to disclose written reports from these experts. Defendants must disclose the reports within 30 days of the date of this memorandum opinion and order, unless the deadline is extended by agreement or for cause. The court extends the discovery deadline to January 5, 2009.

**SO ORDERED.**

September 18, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE